IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILBUR PITTMAN,

    Plaintiff,                    No. CIV S-08-2940 CMK P

vs.

PEARSON, et al.,

    Defendants.              <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not submitted a request to proceed in forma pauperis.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

        In this case, none of the defendants reside in this district.  The claim arose in Riverside County, which is in the Central District of California.  Therefore, plaintiff's claim

1 | should have been filed in the United States District Court for the Central District of California.
2 | In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the
3 | correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.
4 | 1974).
5 |     Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
6 | United States District Court for the Central District of California.

 DATED: December 9, 2008

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE